IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.:

HARKHAM SHIPPING, LLC

   Plaintiff,

vs.

M/V LOYALTY EXPRESS
IMO 7007514, her engines,
tackle, apparel, furniture, etc., *in rem*,

   Defendant.
_____/

## VERIFIED COMPLAINT PURSUANT TO RULE 9(h)

COMES NOW, the Plaintiff HARKHAM SHIPPING, LLC by and through its undersigned attorneys and pursuant to Rule C of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure, files this Complaint against the M/V LOYALTY EXPRESS, her engines, tackle, apparel, furniture, etc., *in rem*, as follows:

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, for a judgment and maritime lien pursuant to the provisions of 46 United States Code § 31341 – 31342 and Rule C of the Federal Rules of Civil Procedure.

2. Plaintiff, HARKHAM SHIPPING, LLC ("HARKHAM") was and is a Florida company, with an office and principal place of business in Miami, Florida providing dockage and other marine services.

1

3. The M/V LOYALTY EXPRESS, a general cargo vessel is now, and will be during the pendency of this action, within this District and within the jurisdiction of this Court.

4. Plaintiff HARKHAM has furnished the M/V LOYALTY EXPRESS, at the request of Owner, various necessaries including dockage which continue to accrue for the account of the vessel at $29,500.00 per month.

5. Necessaries, which include dockage provided to the M/V LOYALTY EXPRESS, totaling $44,500.00 were due and owing to HARKHAM on April 1, 2019.

6. Despite demands made, neither the vessel owner nor anyone else claiming an interest in the vessel has tendered payment in full for the necessaries provided.

7. Because of the foregoing, the Plaintiff has been forced to incur the services of the undersigned law firm to enforce its rights and foreclose on its maritime lien against the Defendant vessel, and is obligated to pay reasonable attorney fee plus costs and expenses for services provided on its behalf.

8. As a result of the foregoing, Plaintiff has a maritime lien against the M/V LOYALTY EXPRESS pursuant to 46 U.S.C. 31341-31342, the Maritime Lien Act, and Rule C of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

9. Plaintiff HARKHAM previously asserted a maritime lien claim against the M/V LOYALTY EXPRESS for unpaid necessaries, which was settled. As part of the settlement agreement, payment to HARKHAM in the amount of $215,000.00 was to be made in accordance with an agreed upon payment schedule. See, agreement attached hereto as exhibit "A".

10. The total amount of the first scheduled payment under the agreement to be made on April 1, 2019 was $44,500.

11. $44,500 was not paid to HARKHAM on or before April 1, 2019, in breach of the agreement.

12. To date HARKHAM has received $23,000, leaving a balance of $21,500 due and owing on the April 1, 2019 payment that was due.

13. As a result of this breach, the entire amount due, as set forth in paragraph 10, has become due and owing immediately, see, paragraph 6(a) of the agreement, plus the balance of $21,500 on the April 1, 2019 payment for a total amount of $236,500.

14. All conditions precedent to this action have occurred or have been waived.

WHEREFORE, the Plaintiff HARKHAM SHIPPING LLC prays that judgment be entered on its behalf for the amount of its accrued claim, plus prejudgment interest, expenses and costs, that the vessel be condemned and sold to satisfy and pay the same, that the maritime lien of the Plaintiff be declared a valid and existing lien in the accrued amount claimed herein together with all amounts required to be disbursed for the care and preservation of the vessel and that all costs and expenses incurred by the Plaintiff be taxed as costs and/or awarded against the vessel and that the maritime lien of the Plaintiff be declared prior and superior to the claims and interests of all other persons, firms or corporations whatsoever, that it be declared that any persons, firms or corporations claiming interest in the vessel are forever barred and foreclosed of and from all rights, equity or redemption or claim of, in and to the vessel and every part thereof, and that the Plaintiff may have such other and further relief as justice may require.

DATED this _11th_ __ day of April, 2019.

                        BLANCK & COOPER, P.A.
                        5730 SW 74th St.
                        Suite 700
                        Miami, Florida 33143
                        Telephone: (305) 663-0177
                        Facsimile: (305) 663-0146

                        **_BY: //S// Jonathan Cooper//_**
                        Jonathan S. Cooper, Esquire
                        Florida Bar Number: 99376

7676/ComplaintInRem